JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendants-appellants William John and Shirley H. Van Aken (the "Van Akens") appeal from the decision of the Common Pleas Court that granted defendant-appellee National City Bank's ("National City") motion for summary judgment and denied their cross-motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that National City is entitled to judgment as a matter of law. Accordingly, we affirm the trial court's decision.
 {¶ 3} The record on appeal reveals the following facts: On December 10, 1998, Third Federal Bank ("Third Federal") filed a foreclosure action against the Van Akens seeking to foreclose upon their property located at 16100 Aldersyde Drive, Shaker Heights, Ohio ("the Ohio property"). Third Federal was the owner and holder of a Promissory Note in the principal amount of $355,792.76, which was secured by a mortgage on the Ohio property.[1]
 {¶ 4} National City, among others, was named as a defendant in the action since it had an interest in the Ohio property as well. National City's interest in the Ohio property arose in 1995, when the Van Akens executed a Promissory Note with National City in the principal amount of $200,150, which was secured by a mortgage on property located in Utah ("the Utah property"). When the Van Akens defaulted on that Promissory Note, National City obtained a Consent Judgment Entry in the amount of $203,874.78 and filed a Judgment Lien in Ohio, which attached to the Ohio property. National City also filed a foreclosure action against the Utah property. After the Utah property was sold at auction for $190,000, National City applied the net proceeds of the sale, $172,975,[2] to the Ohio Consent Judgment, with a balance of $55,476.81 still owed. The Van Akens did not appeal the results of the foreclosure sale.
 {¶ 5} On July 13, 1999, the Van Akens filed a cross-claim against National City alleging that National City had been unjustly enriched from the sale of the Utah property since it paid only $186,000[3] for the property that had been appraised between $350,000 and $500,000.
 {¶ 6} On April 10, 2001, National City filed a motion for summary judgment claiming that it was entitled to the deficiency of approximately $56,000 due on the Promissory Note. On May 18, 2001, the Van Akens filed a cross-motion for summary judgment claiming that National City's rights were governed by Utah law. On May 24, 2002, the trial court granted National City's motion for summary judgment and denied the Van Akens' cross-motion for summary judgment. It is from this decision that the Van Akens now appeal and raise three assignments of error for our review. We will address the Van Akens' assignments of error together as they address the trial court's grant of summary judgment.
 {¶ 7} "I. The trial court committed reversible error when it considered the conclusory assertions of appellee's counsel as evidence and determined that it was without jurisdiction to re-litigate issues regarding the Utah property.
 {¶ 8} "II. The trial court committed reversible error in failing to apply Utah law to determine the rights of the parties as required by the express language of the trust deed.
 {¶ 9} "III. The trial court committed reversible error in denying appellant's motion for summary judgment, where it failed to apply Utah law to resolve the rights and claims of the appellant according to the laws of the State of Utah."
 {¶ 10} In these assignments of error, the Van Akens claim that the trial court erred in denying their motion for summary judgment and granting summary judgment in favor of National City because genuine issues of material fact existed.
 {¶ 11} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 12} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 13} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 14} With these principles in mind, we proceed to consider the trial court's disposition of the cross-motions for summary judgment.
 The Van Akens' Motion for Summary Judgment {¶ 15} In disposing of the motion for summary judgment filed by the Van Akens, the trial court found that it was without jurisdiction to relitigate issues regarding the Utah property "since the Court in the foreclosure case in Utah determined all rights and liabilities of the parties regarding the Utah property." We agree.
 {¶ 16} In the motions for summary judgment before the trial court and the appellate briefs before this Court, both parties have agreed to the undisputed facts: specifically, that in 1997, National City obtained a judgment against the Van Akens and, in an effort to collect upon that judgment, received $190,000 from a foreclosure sale upon the Utah property. There is no evidence that the Van Akens appealed or otherwise contested the results of this foreclosure. Accordingly, this Court is without jurisdiction to address any of the Van Akens' claims that the foreclosure sale in Utah was improper or that National City was unjustly enriched by the foreclosure sale. These claims should have been addressed in the foreclosure action in Utah. Accordingly, the trial court did not err in denying the Van Akens' motion for summary judgment.
 National City's Motion for Summary Judgment {¶ 17} In August 1997, the Van Akens executed a Consent Judgment Entry in favor of National City in the amount of $203,874.78 after defaulting on the terms of a Promissory Note. To secure the Consent Judgment, National City filed a Judgment Lien in Ohio, which attached to the Ohio property. After the net proceeds of the Utah foreclosure sale were applied to the balance of the Consent Judgment, a balance of $55,476.81 remained. Since the Judgment Lien obtained by National City is valid, the trial court did not err in recognizing National City's interest in the Ohio property. Accordingly, the trial court did not err in granting National City's motion for summary judgment.
 {¶ 18} The Van Akens' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS.
 COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] On January 4, 2000, the trial court entered judgment in favor of Third Federal in the amount of $355,792.76.
[2] Fees in the amount of $17,025 were expended in the sale.
[3] National City uses the figure of $190,000 as the selling price of the Utah property and the Van Akens use the figure of $186,000.